BOWMAN AND BROOKE LLP
Richard L. Stuhlbarg (SBN 180631)
richard.stuhlbarg@bowmanandbrooke.com
Garrett B. Stanton (SBN 324775)
garrett.stanton@bowmanandbrooke.com
970 West 190th Street, Suite 700
Torrance, CA  90502
Tel:   310.768.3068
Fax:  310.719.1019

Attorneys for Defendant,
FCA US, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| VERTEX SURVEY, INC., a Corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>FCA US LLC, a Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | CASE NO.: 2:20-cv-09716<br><br>(Removed from California Superior Court, Ventura County - Case No. 56-2020-00545107-CU-BC-VTA)<br><br>**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL**<br><br>Action Filed:　September 4, 2020<br>Trial:　　　　None |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant FCA US, LLC ("FCA US"), by its counsel BOWMAN AND BROOKE LLP, hereby removes to this court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 56-2020-00545107-CU-BC-VTA of the Superior Court of California, County of Ventura.  In support of this removal, FCA US states as follow:

**I.　THE REMOVED CASE**

　　1.　The removed case is a civil action commenced in the Superior Court of California, County of Ventura by Plaintiff Vertex Survey, Inc. ("Plaintiff") against

FCA, entitled *Vertex Survey, Inc. v. FCA US LLC et al.*, Case No. 56-2020-00545107-CU-BC-VTA (the "State Action"). The named Defendant is FCA US LLC ("FCA US").

1. Plaintiff filed the State Action on September 4, 2020 asserting breach of implied and express warranty under California's Song-Beverly Consumer Warranty Act. (*See* **Exhibit A**; Declaration of Garrett B. Stanton ["Stanton Decl."], ¶ 3, filed concurrently herewith).

## II. PROCEDURAL REQUIREMENTS

2. Generally, a defendant has thirty (30) days from the date of service of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). A notice of removal may be filed within 30 days after the defendant's receipt, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it first may be ascertained that the case is one that is or has become removable. 28 U.S.C. § 1446(b)(3). FCA US received notice of this matter after it was served with a copy of the Complaint on September 8, 2020. However, FCA US was unable to ascertain that this matter was removable to Federal Court upon the face of the Complaint because FCA US could not determine the amount in controversy. (Stanton Decl. ¶ 3.) On October 21, 2020, FCA US received a copy of the sales contract for the subject vehicle. (*Id.*) Upon review of the sales contract for the subject vehicle, FCA US was able to determine the amount in controversy and ascertain that this case is removable to Federal Court. (*Id.*) Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since October 21, 2020 has not elapsed. Accordingly, this Notice of Removal is therefore timely filed.

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FCA US's possession are contained in **Exhibits A-E** filed herewith. (Stanton Decl., ¶¶ 3-12).

4. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the State Action has

been pending.

5. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Ventura promptly after filing of same in this Court.

6. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

7. If any question arises as to the propriety of the removal of this action, FCA US requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

8. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FCA US's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

10. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. (*See* 28 U.S.C. § 1332)

11. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

12. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

13. FCA US disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, FCA US can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

14. In the case at bar, Plaintiff seeks monetary damages including restitution of all monies expended and rescission of the purchase agreement. (*See* Complaint ("Compl."), Prayer for Relief.) Moreover, Plaintiff seeks "a civil penalty up to two times the amount of actual damages" (est. $165,704.82) pursuant to her Song-Beverly Consumer Warranty Act causes of action. (*See id.*; *see also* Stanton Decl., ¶¶4-7). Plaintiff alleges breach of express and implied warranties under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*). (*See generally* Comp.)

15. Plaintiff alleges that on or about January 26, 2019, Plaintiff purchased a new 2019 Dodge Ram 3500 and it was sold "not in a merchantable condition, was

not safe, and did not conform to the quality and safety guidelines reasonably expected of a motor vehicle." (Compl. at ¶¶ 6-7.)

16. Plaintiff alleges it is entitled to relief under the Song-Beverly causes of action asserted against FCA US including: rescission of the purchase agreement; incidental and consequential damages; civil penalty in the amount two times Plaintiff's actual damages; prejudgment interest; reasonable attorneys' fees and costs of suit; and other relief as the Court may deem proper. (Compl., Prayer for Relief).

17. The amount in controversy calculation includes civil penalties under the Song-Beverly Act. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). The amount in controversy also includes reasonable estimates of attorney's fees. *Id.* at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

18. Additionally, the *Brady* Court agreed with the substantial line of cases that held that a reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *See Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1340 (10th Cir.1998); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034-35 (N.D.Cal.2002); *Gerig v. Krause Publications, Inc.,* 58 F.Supp.2d 1261, 1265 (D.Kan.1999); *Plus System, Inc. v. New England Network, Inc.,* 804 F.Supp. 1ll, 116-17 (D.Colo.1992). In doing so, the Court noted that Mercedes Benz USA submitted a declaration detailing fee awards in similar lemon law cases wherein attorney's fees of over $60,000 were awarded. *Brady v. Mercedez Benz*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). As a result, this Court may also consider the reasonable estimate of fees in this case as part of the amount in controversy analysis.

19. The Song-Beverly Act allows for the recovery of attorney's fees, which commonly exceed $100,000. (*See* Declaration of Richard L. Stuhlbarg

["Stuhlbarg Decl."], ¶ 5, filed concurrently herewith).

20. If Plaintiff was to prevail on its Song-Beverly Act claims, it could be awarded damages of $75,000.00 or more if awarded statutory civil penalties and attorney's fees. Plaintiff's complaint seeks to rescind the purchase contract and a double civil penalty of all actual damages. Based on our review of the purchase contract, Plaintiff is seeking not less than $82,852.41 by requiring FCA to repurchase the vehicle. That alone exceeds the amount in controversy. Yet Plaintiff is also seeking as a two times civil penalty which could total $165,704.82, totaling at least $248,557.23 as the amount in controversy. (Stanton Decl., ¶¶ 4-7). Adding this amount to reasonable attorney fees which a party is entitled to under the Song-Beverly Act, which can be reasonably considered to be at least $35,000.00, it is more likely than not that the amount in controversy exceeds $75,000. (Stuhlbarg Decl., ¶¶ 5-6.)

21. Thus, the total amount in controversy therefore exceeds $75,000.00. The amount in controversy is satisfied. (Stuhlbarg Decl., ¶¶ 5-6; Cal. Civ. Code § 1793.2(d)(2)(B)-(C); § 1794(c)).

## IV. DIVERSITY OF CITIZENSHIP EXISTS

22. The basic requirement in diversity cases is that all Plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).) A natural person's domicile is the place he or she resides with the intention to remain or to which he or he intends to return. (*Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).) A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. *See, e.g. State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). A corporation, on the other hand, is deemed to be a citizen of any State by which it

has been incorporated and of the State where it has its principal place of business. (28 U.S.C. §1332(c)(1).)

23. A corporation's principal place of business refers to the place where its high-level officers "direct, control, and coordinate the corporation's activities." (*See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).) "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." (*Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) cited by *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) and *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

24. A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of Plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable..." (28 U.S.C. §1446(b)(3).)

25. A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. *See, e.g.*, *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).) "It is assumed … that a person's current residence is also his domicile." (13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §3612 (3d. ed. 2013).

26. Plaintiff is and was at the time of filing of the Complaint, a California Corporation with its principal place of business as 28348 Constellation Rd, #800, Santa Clarita, California 91355. (*See* Stanton Decl., ¶ 12, **Exhibit F-I** (establishing that Plaintiff is a California Corporation, domiciled in California).) Plaintiff also is, and was at the time of purchase of the Subject Vehicle, a California Corporation with its principal place of business in Santa Clarita, California. (**Exhibit F-I** to Stanton Decl., ¶ 12.) Plaintiff has been incorporated as a California Corporation with a principal place of business in California since November 26, 2014. (**Exhibit F** to Stanton Decl., ¶ 12.)

27. FCA US is, and was at the time Plaintiff commenced this action, a limited liability company organized under Delaware law with its principal place of business in Michigan. This Court can take judicial notice of these facts. (*See* Certificate of Interested Parties, **Exhibit E** Stanton Decl., ¶ 11; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").) The sole member of FCA US is FCA North America Holdings LLC, a limited liability company organized under Delaware law with its principal place of business in Michigan. (*See* FCA US's Certification and Notice of Interested Parties, **Exhibit E** to Stanton Decl., ¶ 11.) The sole member of FCA North America Holdings LLC is FCA Holdco B.V. (Besloten Vennootschap), a company organized under the laws of the Netherlands with its principal place of business in London, United Kingdom. (*Id.*) The sole member of FCA Holdco B.V. is Fiat Chrysler Automobiles N.V. (Naamloze Venootschap), a publicly traded company incorporated under the laws of the Netherlands with its principal place of business in London, United Kingdom. (*Id.*)

28. Complete diversity existed as of the time of this action was filed, as well as the date of this notice (*See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).)

## V. CONCLUSION

29. Consequently, the State Action may be removed to this Court by FCA US in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for

/ / /
/ / /
/ / /
/ / /
/ / /

the Central District of California, Western Division, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest, attorney's fees, and costs.

Dated: October 22, 2020                       BOWMAN AND BROOKE LLP

                                       By      */s/Garrett B. Stanton*
                                                 Richard L. Stuhlbarg
                                                 Garrett B. Stanton
                                                 Attorneys for Defendant,
                                                 FCA US, LLC

# PROOF OF SERVICE
## F.R.C.P. Rule 5(b)(2)(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, CA 90502 and my e-mail address is:

On October 22, 2020, I served the foregoing documents described as **DEFENDANT FCA US LLC'S NOTICE OF REMOVAL** on all interested parties in this action as follows:

| | |
|---|---|
| Robert L. Starr, Esq.<br>Adam M. Rose, Esq.<br>Theodore R. Tang, Esq.<br>Law Office of Robert L. Starr APC<br>23901 Calabasas Road, Suite 2072<br>Calabasas, CA 91302 | **ATTORNEYS FOR PLAINTIFF**<br><br>Tel:  818/ 225-9040<br>Fax: 818/ 225-9042<br>Email: robert@starrlaw.com<br>adam@starrlaw.com<br>theodore@starrlaw.com |

☐ **BY MAIL (F.R.C.P. Rule 5(b)(2)):** I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than 1 day after the date of deposit for mailing in affidavit.

☒ **BY ELECTRONIC SERVICE (CCP 1010.6.(b)(6)):** Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the addressees persons at the electronic notification listed above.

☐ **BY PERSONAL SERVICE (F.R.C.P. 5(2):** I delivered such envelope by hand to the addressee.

Executed on October 22, 2020, at Whittier, California.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*C. Velasquez*
ELIZABETH VELASQUEZ