# EXHIBIT "A"

Electronically FILED by Superior Court of California County of Ventura 09/04/2020
MICHAEL D. PLANET
Executive Officer and Clerk
Susanne Leon
Deputy Clerk

Ventura Superior Court Accepted through eDelivery submitted 09-04-2020 at 03:35:23 PM

Robert L. Starr, Esq. (183052)
robert@starrlaw.com
Adam M. Rose, Esq. (210880)
adam@starrlaw.com
Theodore R. Tang, Esq. (313294)
theodore@starrlaw.com
THE LAW OFFICE OF ROBERT L. STARR, APC
23901 Calabasas Road, Suite 2072
Calabasas, California 91302
Telephone: (818) 225-9040
Facsimile: (818) 225-9042

Attorneys for Plaintiff,
VERTEX SURVEY, INC.

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF VENTURA - HALL OF JUSTICE

| | |
|---|---|
| VERTEX SURVEY, INC., a Corporation,<br><br>Plaintiff,<br>v.<br><br>FCA US LLC, a Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO: 56-2020-00545107-CU-BC-VTA<br><br>COMPLAINT<br><br>1. BREACH OF IMPLIED WARRANTY<br>2. BREACH OF EXPRESS WARRANTY<br>3. VIOLATION OF THE SONG BEVERLY CONSUMER WARRANTY ACT |

VERTEX SURVEY, INC. alleges the following:

1. Plaintiff VERTEX SURVEY, INC. ("Plaintiff") at all relevant times was a Corporation qualified to do business in California with its primary address at 28348 Constellation Road, Suite 800, Santa Clara, California 91355.

2. Defendant FCA US LLC, (hereinafter "FCA") is a Limited Liability Company authorized to do business in California. The warranty repairs which are the subject of this action occurred in Los Angeles County, therefore venue is proper in Los Angeles County.

3. FCA designs, manufactures, constructs, assembles, markets, distributes, and sells motor vehicles and components under the brand name Dodge.

///

1

COMPLAINT FOR DAMAGES

4. The true names and capacities, whether individual, corporate, associate or otherwise, of the Doe defendants are unknown to Plaintiff and are therefore sued by fictitious names. Plaintiff will amend the complaint to insert the true names when known. Plaintiff alleges that the Doe defendants are also responsible for the wrongful acts alleged, and therefore liable to Plaintiff. Reference to a named defendant, to "Defendant", or "Defendants" refers to all names and Doe defendants. In addition to Plaintiff suing named Defendants, Plaintiff sues Defendants identified as DOES 1 to 100.

5. Defendants were the agents, employees and co-conspirators engaged in the acts and/or conduct alleged, acted at least in part within the course and scope of this agency and/or employment, and with the permission and consent of the other defendants. Plaintiff is informed and believes, and thereon alleges that all of the acts alleged below were ratified by the other defendants.

6. On or about December 26, 2019, Plaintiff purchased a new 2017 Dodge Ram 3500, Vehicle Identification Number 3C6UR5CJ9HG581392, ("VEHICLE"). FCA provided an express written warranty relating to the VEHICLE.

7. At the time the VEHICLE was delivered to Plaintiff, the VEHICLE was not in a merchantable condition, was not safe, and did not conform to the quality and safety guidelines reasonably expected of a motor vehicle.

8. In the time period that followed, the VEHICLE failed an unreasonable amount of times, did not function properly, and was not safe or reliable. The problems with the vehicle which were experienced by Plaintiff were not the result of any misuse on the part of Plaintiff, and was not the result of any modifications made to the VEHICLE.

///
///
///
///
///

2

COMPLAINT FOR DAMAGES

# FIRST CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY
### Against All Defendants

9. Plaintiff incorporates by reference paragraphs 1 to 8 as though fully set forth.

10. At the time Plaintiff purchased the VEHICLE from Defendants, they impliedly warranted the VEHICLE was of merchantable quality and that it was fit for its intended use.

11. Defendants breached the implied warranty in that the VEHICLE was not of merchantable quality and not fit for its intended use.

12. The VEHICLE contained multiple manufacturer defects, defects in assembly, design defects, and other defects, rendering the vehicle unsafe and making it impossible for Plaintiff to use the vehicle without inconvenience, failure, and mechanical breakdown.

13. As a direct and proximate result of Defendants' breach, the VEHICLE is virtually useless due to the frequency of breakdown, the safety hazards associated with using the vehicle, and the amount of time the vehicle was out of service due to repair attempts.

14. Plaintiff demanded that Defendants repurchase the VEHICLE pursuant to California law, however Defendants refused.

15. Plaintiff suffered incidental and consequential damages as a result of the breach.

16. Pursuant to Civil Code Sections 1793.2 and 1794, Plaintiff seeks reimbursement for the cost of financing, and owning the VEHICLE, repairing the VEHICLE, attorney's fees, and a civil penalty in an amount proved at trial.

## SECOND CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY
### Against All Defendants

17. Plaintiff incorporates by reference paragraphs 1 to 8 as though fully set forth.

18. Defendants expressly warranted that the VEHICLE was merchantable, safely designed, assembled and fit for the purpose it was intended.

///

19. Defendants breached the express warranty in since the VEHICLE was not merchantable, safely designed, properly assembled, or fit for its intended purpose.

20. Subsequent to Plaintiff purchasing the VEHICLE, Plaintiff complained on several occasions the VEHICLE was not functioning properly. Plaintiff made reasonable attempts to have the VEHICLE repaired, however said Defendants did not properly repair the vehicle within a reasonable time frame.

21. As a direct and proximate result of Defendants' breach the value of the VEHICLE is substantially less than reasonably expected by Plaintiff.

22. Plaintiff requested Defendants to repurchase the VEHICLE pursuant to California law, however Defendants willfully refused, justifying an award of a civil penalty pursuant to Civil Code Section 1794.

23. Plaintiff suffered incidental and consequential damages as a result of the breach.

24. Pursuant to Civil Code Section 1794, Plaintiffs also seeks reimbursement for the cost of financing, and owning the VEHICLE, rescission of the purchase agreement of the VEHICLE, restitution damages, reimbursement of costs relating to repairing the VEHICLE, attorney's fees in an amount to be proved at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF SONG BEVERLY CONSUMER WARRANTY ACT
**Against All Defendants**

25. Plaintiff incorporates by reference paragraphs 1 to 8 as though fully set forth.

26. The Song Beverly Consumer Warranty Act provides that parties making express warranties with regard to consumer goods shall conform to the federal standards for disclosure of warranty terms set forth in the Magnuson-Moss Warranty Federal Trade Commission Improvement Act (15 U.S.C. § 2301 et seq.).

///
///
///

27. Under Civil Code Section 1793.2(d)(1), if the manufacturer or its representative does not service or repair the goods to conform to applicable express warranties after a reasonable number of attempts, the manufacturer shall either replace the goods or reimburse the buyer in an amount equal to the purchase price paid by the buyer, and/or loan payments and down payment paid by buyer, less the amount directly attributable to use by the buyer prior to discovery of the nonconformity.

28. Civil Code Section 1794(b)(2) provides the measure of damages under the Song Beverly Consumer Warranty Act is the right of replacement and reimbursement and the cost of repair necessary to make the consumer goods conform.

29. The intent of the Song Beverly Act is to protect consumers from warranty fraud and hold manufacturers accountable for their defective products.

30. Defendants violated the Act by not repairing Plaintiff's VEHICLE after a reasonable number of attempts.

31. Defendants did not conform the VEHICLE to its express warranty after a reasonable number of repair attempts. The VEHICLE still does not conform to its warranty.

32. Under the Song Beverly Act, if a manufacturer of a vehicle is unable to repair a vehicle after a reasonable number of repair attempts, the manufacturer of the vehicle, upon demand from the consumer, must reimburse the consumer for the cost of purchasing and owning the vehicle.

33. Defendants were unable to repair Plaintiff's VEHICLE after a reasonable number of repairs attempts. Plaintiff demanded that Defendants repurchase the VEHICLE, however Defendants willfully refused in violation of the Song Beverly Act.

34. Pursuant to Civil Code Section 1794, Plaintiffs seeks reimbursement for the costs of financing, and owning the VEHICLE, rescission of the purchase agreement of the VEHICLE, restitution damages, reimbursement of costs relating to repairing the VEHICLE, attorney's fees, and a civil penalty in an amount to be proved at trial.

///

///

WHEREFORE, Plaintiffs prays for judgment against Defendant, as follows:

### FIRST CAUSE OF ACTION

1. Incidental and consequential damages in an amount to be proved at trial;
2. Rescission of the purchase agreement of the VEHICLE;
3. Reasonable attorney's fees according to proof;
4. A civil penalty according to proof;
5. Costs of suit;
6. Pre-judgment interest at the legal rate;
7. Other relief the court deems proper.

### SECOND CAUSE OF ACTION

1. Incidental and consequential damages in an amount to be proved at trial;
2. Rescission of the purchase agreement of the VEHICLE;
3. Reasonable attorney's fees according to proof;
4. A civil penalty according to proof;
5. Costs of suit;
6. Pre-judgment interest at the legal rate;
7. Other relief the court deems proper.

### THIRD CAUSE OF ACTION

1. Incidental and consequential damages in an amount to be proved at trial;
2. Rescission of the purchase agreement of the VEHICLE;
3. Reasonable attorney's fees according to proof;
4. A civil penalty according to proof;
5. Costs of suit;
6. Pre-judgment interest at the legal rate;
7. Other relief the court deems proper.

| | | |
|---|---|---|
| 1 | DATE: September 4, 2020 | THE LAW OFFICE OF ROBERT L. STARR, APC |

BY: _____
Robert L. Starr, Esq.
Adam M. Rose, Esq.
Theodore R. Tang, Esq.
Attorneys for Plaintiff,
VERTEX SURVEY, INC.

---

7

COMPLAINT FOR DAMAGES